YI DING, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70535.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 21, 2008.

Frank M. Tse, Esquire, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, Jamie M. Dowd, Esquire, Julia Tyler, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioner Yi Ding, a native and citizen of China, petitions for review from a decision of the Board of Immigration Appeals, which denied Petitioner's applications for asylum and withholding of removal on the

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

basis of an adverse credibility finding. Reviewing the adverse credibility finding for substantial evidence, *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007), we deny the petition.

■ Petitioner's testimony and application contained conflicting accounts of what occurred after her arrest, which was the central incident that went to the heart of her claim. *See Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990) (holding that an inconsistency must go to the heart of the claim to support an adverse credibility finding). In her initial testimony, she said that she lost consciousness and fell from the chair on which she had been sitting, after which she knew nothing of what happened until she was sent back to her room to fill out a confession. By contrast, her application had recounted several things that one of the police officers did to her immediately after she fell from the chair. At the hearing, Petitioner was given a chance to explain the inconsistency between her initial testimony and her application. *See Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (holding that an asylum petitioner must be afforded a reasonable opportunity to explain a perceived inconsistency). She then backtracked and testified that she had felt dizzy and "kind of blacked out" but could still tell what was occurring. The agency was not compelled to find her consistent. *See Rivera,* 508 F.3d at 1274 (describing standard of review for substantial evidence).

Even one significant discrepancy suffices to support an adverse credibility finding. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, we must deny the petition for review on the asylum claim.

■ *A fortiori,* we also deny the petition for review of the withholding claim. The standard for establishing withholding of removal is higher than the standard for asylum. *Ali v. Ashcroft,* 394 F.3d 780, 791 (9th Cir.2005).

PETITION DENIED.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. "Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003). Here, the minor inconsistencies in the petitioner's description of a traumatic event are not a cogent reason to believe she was lying, especially given that her words are chosen by a translator.

In addition, "an adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency." *Singh v. Gonzales,* 439 F.3d 1100, 1106 (9th Cir.2006). The IJ did not address Ding's explanation.

None of the remaining inconsistencies cited by the IJ satisfy the legal standard for an adverse credibility finding.

For these reasons, I would grant the petition.